J. Randy Young, P.E. Director, Arkansas Soil and Water Conservation commission One Capitol Mall, Suite 2D Little Rock, AR 72201
Dear Mr. Young:
This is in response to your request for an opinion regarding the applicability of A.C.A. 15-22-210 and 15-22-219 to the Arkansas Game and Fish Commission ("Game and Fish"). Your specific question is as follows:
 Does Amendment 35 to the Arkansas Constitution, or any Arkansas Code Section, exempt the Arkansas Game and Fish Commission from obtaining a dam construction permit from the Arkansas Soil and Water Conservation Commission under Arkansas Code Annotated Section 15-22-210, et seq., including the payment of the annual fee required under Arkansas Code Annotated Section 15-22-219?
It is my opinion that the answer to your question is "no"; the Arkansas Game and Fish Commission is, in my opinion, exempt from neither the permit nor the fee requirement imposed under A.C.A.15-22-201, et seq.
The Arkansas Supreme Court recently had occasion to revisit questions surrounding the Game and Fish Commission's power in the case of Chaffin v. Arkansas Game and Fish Com'n, 296 Ark. 431,757 S.W.2d 950 (1988). The court stated:
 Amendment 35, adopted in 1944, created the Game and Fish Commission as an independent constitutional agency with the clear power to control, manage, restore, conserve, and regulate the birds, fish, game and wildlife resources of the state. In a line of cases, we have held that the commission has broad discretion in carrying out this purpose. [Citations omitted.]
Chaffin, 296 Ark. at 436. It is thus clear that the General Assembly cannot invest an agency such as the Arkansas Soil and Water Conservation Commission ("Soil and Water") with the power to substitute its judgment for that of Game and Fish in the area of fish and wildlife preservation. However, this prohibition does not, in my opinion, dictate the Game and Fish Commission's general exemption from the permit and fee requirements imposed under the legislation in question.
While there is language in A.C.A. 15-22-201 indicating that the policy of this legislation includes protection of fish and wildlife (see also, 15-22-210), the permit requirement also relates to Soil and Water's clear authority in matters involving the conservation of surplus surface water and the protection of persons interested in the use and disposition of such water, including the prevention of harmful overflows and flooding. See A.C.A. 15-22-201, 15-22-205. The applicability of the permit process to the Game and Fish Commission, with these aims in mind, does not generate an irreconcilable conflict with Amendment 35, nor is it a prohibited legislative limitation on that constitutional amendment. This legislation cannot offer a vehicle for invaliding the specific powers of the Game and Fish Commission. However, the provisions in question reflect other permissible regulatory aims; indeed, these aims appear to fall within the clear scope of authority of the Oil and Water Conservation Commission.
While it must therefore be recognized that this legislation could conceivably be applied in such a manner as to unconstitutionally interfere with or restrict the Game and Fish Commission's authority, we cannot conclude that the permit requirement is unconstitutional on its face. Issues involving the unconstitutional application of this legislation would raise factual questions that are properly resolved in a judicial forum.
Section 15-22-219 must be considered in response to your question regarding the fee requirement. This provision imposes a fee of two cents per acre-foot of water (but not less than ten dollars) upon "any person" obtaining a permit under 15-22-210. The term "person" is defined under 15-22-202(1) as "any natural person, partnership, firm, association, cooperative, municipality or two (2) or more municipalities, public or private corporation, or any state or local governmental agency." Subsection (2) of 15-22-219
states:
 The fee shall not apply to any structures which provide water storage capacity for recreation or fish and wildlife development purposes, and which are installed either wholly or in part under the Watershed Protection and Flood Prevention Act, under the sponsorship of and with cost participation by the Arkansas State Game and Fish Commission, the Arkansas Department of Parks and Tourism, or other agencies of the State of Arkansas.
It therefore appears that the Game and Fish Commission is not required to pay the fee in connection with fish and wildlife development water storage structures which are installed under the Watershed Protection and Flood Prevention Act. (16 U.S.C. § 1001, et seq.). However, the fee would appear to be applicable to other structures for which a permit is required under 15-22-201, et seq. And it may reasonably be concluded that the legislature intended for this requirement to extend to the Game and Fish Commission.
The presumptive constitutionality of legislative enactments must be initially noted in this regard. See, e.g., Stone v. State,254 Ark. 1011, 1013, 498 S.W.2d 634 (1973). Every reasonable construction will be resorted to in order to save a statute from unconstitutionality. Id.
It is my opinion that the fee will withstand constitutional scrutiny to the extent that it may reasonably be imposed in consideration for the permit's issuance, in recognition of the continuing oversight responsibilities of the Soil and Water Conservation Commission. Clearly, the General Assembly cannot direct the Game and Fish Commission's expenditure of monies for wildlife preservation. Chaffin v. Arkansas Game and Fish Comm'n, supra; Arkansas Game and Fish Comm'n v. Edgmon, 218 Ark. 207,235 S.W.2d 554 (1951). However, it may be successfully contended that imposition of the fee requirement, following the Game and Fish Commission's determination that such a structure is necessary, is not an impermissible disbursement of Game and Fish funds. Rather, the fee expense is part of the costs of constructing the dam and as such falls with the uses that are, in the words of the Supreme Court, ". . . expressed or necessarily implied" under Amendment 35. Arkansas Game and Fish Comm'n v. Edgmon, 218 Ark. at 209.
In conclusion, therefore, it is my opinion that the Arkansas Game and Fish Commission is not exempt from the dam construction permit and fee requirements imposed under A.C.A. 15-22-201, et seq.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.